UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                         Chapter 11

HAEMACURE CORPORATION,                         Case No. 8:10-bk-00359-KRM

    Debtor.
_____/           *Emergency Relief Requested*

### APPLICATION OF DEBTOR IN POSSESSION FOR AUTHORITY TO RETAIN STICHTER, RIEDEL, BLAIN & PROSSER, P.A. AS COUNSEL

HAEMACURE CORPORATION, as debtor and debtor in possession (the "**Debtor**"), hereby files its Application of Debtor in Possession for Authority to Retain Stichter, Riedel, Blain & Prosser, P.A. as Counsel (the "**Application**") and requests, pursuant to Section 327(a) of the Bankruptcy Code, 11 U.S.C. §§101 *et. seq* (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure 2014 and 2016 (the "**Bankruptcy Rules**"), that this Court authorize the Debtor's employment of Stichter, Riedel, Blain & Prosser, P.A. ("**Stichter, Riedel**") as counsel for the Debtor in the above-captioned case and any related proceedings *nunc pro tunc* as of the Petition Date (January 8, 2010). In support of this Application, the Debtor respectfully represents as follows:

#### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C.

§§1408 and 1409. The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2.  On January 8, 2010 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.  The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5.  The Debtor is a wholly-owned subsidiary of Haemacure Corporation, a corporation duly incorporated under the Canada Business Corporations Act with its head office located in Montreal, Quebec (Canada) (the "**Parent**" and together with the Debtor, hereinafter collectively referred to as "**Haemacure**").

6.  Haemacure is a specialty bio-therapeutics company developing high-value human biological adhesives, hemostats and therapeutic proteins for commercialization. Haemacure's research and development effort is driven by its proprietary, high-yield plasma protein extraction technology to develop next-generation products, including surgical hemostats.

7.  Haemacure's lead product candidate, *Hemaseel®HMN*, is a human-derived fibrin sealant planned to enter pivotal Phase II/Phase III clinical trials. Fibrin sealant is a biological adhesive with sealing and hemostatic properties which are essential to wound healing. Haemacure's second product candidate, *Hemaseel®Thrombin*, is a hemostatic

agent now in pre-clinical stage, and consists of human thrombin, a component of its fibrin sealant.

8. Haemacure's product development activities will focus on the use of its fibrin sealant in adhesion prevention, aesthetics, combination with biomaterials, drug delivery, regenerative medicine, skin graft fixation for burn injuries, surgical hemostasis and wound healing. Haemacure has also identified eleven specialty proteins and enzymes in one of its two plasma fractions and seeks to advance these specialty proteins through partnerships with pharmaceutical and biotechnology companies.

9. The Debtor operates a manufacturing facility of approximately 52,000 square feet located at 600 Tallevast Road, Suite 201, in Sarasota, Florida.

10. As of November 30, 2009, the Debtor's balance sheet reflected total assets of approximately $9 million and total liabilities of approximately $47 million.

11. As of the Petition Date, the Debtor owed approximately $47 million in unsecured obligations and had guaranteed approximately $2.8 million owed to Angiotech Pharmaceuticals, Inc. ("**Angiotech**") by the Parent.

12. On January 11, 2010, the Debtor and Angiotech executed a Purchase Agreement (the "**Purchase Agreement**"), which provides, subject to the approval of this Court, for the sale by the Debtor, and the purchase by Angiotech, of substantially all of the assets of the Debtor for a purchase price of $1,500,000 plus the assumption of certain liabilities of the Debtor.

## Relief Requested and Grounds for Relief

13. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor requests

that this Court approve its retention of Stichter, Riedel as its attorneys to perform the legal services that will be necessary during this Chapter 11 case in accordance with Stichter, Riedel's normal hourly rates and disbursement policies.

14. Bankruptcy Rule 6003 provides that, except to the extent that relief is necessary to avoid immediate and irreparable harm, the Court shall not, within twenty (20) days after the filing of the voluntary petition, grant relief regarding an application under Bankruptcy Rule 2014. The Debtor submits that, absent representation by Stichter, Riedel as of the Petition Date, it will suffer immediate and irreparable harm because it needs representation by counsel to proceed in this Court. Therefore, pursuant to Bankruptcy Rule 6003, interim relief is appropriate pending final approval of this Application. Consequently, the Debtor requests that the Court enter an order granting this Application subject to any party in interest filing an objection and request for hearing prior to or on the 20th day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 21st day after the Petition Date.

15. If the Court should find that interim relief pursuant to Bankruptcy Rule 6003 is inappropriate, the Debtor respectfully requests that the retention of Stichter, Riedel be approved *nunc pro tunc* as of the Petition Date.

16. The Debtor has selected Stichter, Riedel as its attorneys because of the firm's extensive experience and knowledge, and the firm's recognized expertise in the field of representation of debtors in Chapter 11 bankruptcy cases, creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, as well as in other

areas of law related directly or indirectly to this case. Stichter, Riedel has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's Chapter 11 case. The Debtor believes that Stichter, Riedel is both well qualified and uniquely able to represent it in this case and in other matters in a most efficient and timely manner.

17. The employment of Stichter, Riedel is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to implement the reorganization of the Debtor's financial affairs. Subject to further order of this Court, the services to be rendered by Stichter, Riedel include, but are not limited to, the following:

   a. to advise the Debtor with respect to its powers and duties as debtor in possession and the continued management of its business operations;

   b. to advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the Local Rules of the Court;

   c. to prepare on behalf of the Debtor all motions, pleadings, orders, applications, adversary proceedings, answers, reports, and other legal documents necessary in the administration of this case;

   d. to take all necessary action to protect and preserve the estate of the Debtor in all matters before the Court, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   e. to negotiate and prepare on behalf of the Debtor a plan, a disclosure statement, and all related documents;

   f. to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtor;

g. to advise the Debtor, when appropriate, with respect to federal and state regulatory matters;

h. to advise the Debtor on finance, and finance-related matters and transactions, and matters relating to the sale of the Debtor's assets; and

i. to perform such other legal services for the Debtor as may be necessary and appropriate.

18. It is necessary for the Debtor to employ attorneys to perform the above-mentioned services.

19. To the best of the Debtor's knowledge: (a) Stichter, Riedel neither holds nor represents any interest adverse to the Debtor's estate; (b) Stichter, Riedel is not a creditor, an equity security holder, or an insider of the Debtor; (c) Stichter, Riedel is not and was not a director, officer or employee of the Debtor; and (d) Stichter, Riedel has had no connection with the Debtor, its creditors or any party in interest, or its attorneys and accountants, the United States Trustee, the Bankruptcy Judge presiding in this case, or any person employed in the Office of the United States Trustee. The Debtor believes that Stichter, Riedel is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code. Simultaneously with the filing of this Application, Stichter, Riedel is filing the Affidavit of Charles A. Postler demonstrating that Stichter, Riedel and its attorneys are disinterested as required by 11 U.S.C. §327(a) and a verified statement as required under Bankruptcy Rule 2014 (a).

20. Pursuant to Section 328(a) of the Bankruptcy Code, the Debtor may retain Stichter, Riedel on any reasonable terms and conditions. The Debtor and Stichter, Riedel

have agreed that Stichter, Riedel will be compensated for services on an hourly rate basis in this case in accordance with Stichter, Riedel's ordinary and customary rates which are in effect at the date services are rendered and Stichter, Riedel will be reimbursed for reasonable and necessary expenses, subject to approval of the Court under Section 330 of the Bankruptcy Code.

21. Stichter, Riedel has advised the Debtor that the current hourly rates for the attorneys proposed to actively represent the Debtor in this case are as follows:

    a.    Charles A. Postler    $450.00 per hour

22. Other attorneys and paralegals may render services to the Debtor as needed. Generally, Stichter, Riedel's hourly rates are in the following ranges:

| | Title | Rate per Hour |
|---|---|---|
| (a) | Partners | $325.00 – $475.00 |
| (b) | Associates | $210.00 – $325.00 |
| (c) | Paralegals | $ 90.00 – $150.00 |

23. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Stichter, Riedel has advised the Debtor that the current hourly rates set forth above are subject to adjustment as of January 1 and July 1 of each year.

24. The Debtor has also agreed to reimburse Stichter, Riedel for the actual and necessary expenses Stichter, Riedel incurs in this case, including, but not limited to, any costs advanced by the firm specifically for this case, at the rates commonly charged for such costs to other Stichter, Riedel clients.

25. Stichter, Riedel will file fee applications with the Court in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and orders of this Court.

26. Prior to the Petition Date, Stichter, Riedel received certain funds (as set forth in the Affidavit of Charles A. Postler) from the Debtor as compensation for professional services performed, for the reimbursement of reasonable and necessary expenses incurred in connection therewith, and as a general retainer.

### Notice

27. No trustee or examiner has been appointed in this case, and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Application has been given by (i) electronic transmission to the Office of the United States Trustee for the Middle District of Florida, and (ii) United States first class mail to the Debtor and all creditors of the Debtor and certain other parties (all as listed on Exhibit A attached hereto). The Debtor submits that, given the administrative nature of the relief requested herein, no other or further notice need be given.

### Basis for Emergency Relief

28. As stated above, absent representation by Stichter, Riedel, the Debtor will suffer immediate and irreparable harm because it needs representation by counsel to proceed in this Court. The relief sought would be of considerably greater value if granted immediately. Thus, the Debtor reasonably believes that the granting of the relief requested in this Application is in the best interest of the Debtor, its estate and its creditors.

29. The relief sought is in the nature of a "First Day Motion" which is generally recognized as a necessity in Chapter 11 cases.

WHEREFORE, the Debtor respectfully requests an order of this Court (i) authorizing retention of the law firm of Stichter, Riedel, Blain & Prosser, P.A. on a general retainer, *nunc pro tunc* as of the Petition Date, pursuant to 11 U.S.C. §§327 and 330, (b) providing that such order shall be subject to any party in interest filing an objection and request for hearing prior to or on the 20th day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 21st day after the Petition Date, and (c) providing such other and further relief as is just.

Dated this 11th day of January, 2010.

**Haemacure Corporation**

By: _____
Gilles Lemieux, Secretary

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **Application of Debtor in Possession for Authority to Retain Stichter, Riedel, Blain & Prosser, P.A. as Counsel** has been furnished on this 11th day of January, 2010, by (i) the Court's CM/ECF Transmission to the Office of the United States Trustee and (ii) U.S. Mail to all parties set forth on Exhibit A attached hereto.

/s/ Charles A. Postler
Charles A. Postler (Florida Bar No. 455318)
cpostler@srbp.com
STICHTER, RIEDEL, BLAIN
 & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
PH   813) 229-0144
FAX  (813) 229-1811
Attorneys for Debtor

# EXHIBIT A

Label Matrix for local noticing
113A-8
Case 8:10-bk-00359-KRM
Middle District of Florida
Tampa
Mon Jan 11 10:28:39 EST 2010

Aldina, L.C.
Attn: Mark Famiglio, Managing Member
1247 Mandalay Point Rd.
Sarasota, FL 34242-2707

American Express
P.O. Box 360001
Ft. Lauderdale, FL 33336-0001

Angiotech Pharmaceuticals, Inc.
c/o David L. Lapides
Squire, Sanders & Dempsey L.L.P.
One Tampa City Center
201 N. Franklin Street, Suite 2100
Tampa, FL 33602-5813

Angiotech Pharmaceuticals, Inc.
c/o G. Christopher Meyer
Squire, Sanders & Dempsey L.L.P.
4900 Key Tower, 127 Public Square
Cleveland, OH 44114-1304

BioServ Corporation
5340 Eastgate Mall
San Diego, CA 92121-2804

Bioventures, Inc.
4044 Roberts Point Rd.
Sarasota, FL 34242-1162

Diagnostics Stago Inc.
PO Box 34056
Newark, NJ 07189-0056

E.I. du Pont de Nemours and Co
PO Box 952332
Atlanta, GA 31192-2332

Economic Development Council
222 10th Street West
Bradenton, FL 34205-8636

Florida Power & Light
P.O. Box 025576
Miami, FL 33102-5576

Foley & Lardner
777 E. Wisconsin Ave.
Milwaukee, WI 53202-5306

Haemacure Corporation
215 Redfern Ave., Suite 100
Montreal, Quebec H3Z 3L5
CANADA

Manatee County Tax
Collector
P.O. Box 25300
Bradenton, FL 34206-5300

NCSRT
Suite 6593
75 Remittance Drive
Chicago, IL 60675-6593

Power & Pumps Inc
P.O. Box 40129
Jacksonville, FL 32203-0129

ProPharma Group, Inc.
10975 Benson Dr., Suite 330
Overland Park, KS 66210-2135

Roche Diagnostic Corporation
Dept AT 952243
Atlanta, GA 31192-2243

Segel, Goldman, Mazzotta & Sie
Washington Avenue Extension
9 Washington Square
Albany, NY 12205-5524

Siemens Healthcare Diagnostics
PO Box 121102
Dallas, TX 75312-1102

Toxikon Corporation
15 Wiggins Ave.
Bedford, MA 01730-2314

VWR International
P.O. Box 640169
Pittsburgh, PA 15264-0169

Workplace Legal Solutions
400 North Tampa Street, suite 2600
Tampa, FL 33602-4710

ZLB Plasma
5201 Congress Avenue, Suite #220
Boca Raton, FL 33487-3600

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23

```
Label Matrix for local noticing        Aldina, L.C.                              Aldina, L.C.
113A-8                                  Attn: Mark Famiglio, Managing Member     c/o John D. Dumbaugh, Esq.
Case 8:10-bk-00359-KRM                  1247 Mandalay Point Rd.                  1900 Ringling Blvd.
Middle District of Florida              Sarasota, FL 34242-2707                  Sarasota, FL 34236-5919
Tampa
Mon Jan 11 10:26:13 EST 2010

Alfa Laval Biokinetics, Inc.            Alfa Laval Tumba AB                      American Express
7 Penn Center                           Hans Stahles Vag                         P.O. Box 360001
1635 Market St., #1500                  Tumba, SWEDEN                            Ft. Lauderdale, FL 33336-0001
Philadelphia, PA 19103-2201


(c)ANGIOTECH PHARMACEUTICALS, INC.      Angiotech Pharmaceuticals, Inc.          Angiotech Pharmaceuticals, Inc.
102 W NORTH BEND WAY                    1618 Station St.                         P.O. Box 2840
NORTH BEND WA  98045-8150               Vancouver, BC  V6A 1B6                   North Bend, WA 98045-2840
                                        CANADA


Angiotech Pharmaceuticals, Inc.         Angiotech Pharmaceuticals, Inc.          Angiotech Pharmaceuticals, Inc.
c/o David L. Lapides                    c/o David Lapides, Esq.                  c/o G. Christopher Meyer
Squire, Sanders & Dempsey L.L.P.        201 N. Franklin St., #2100               Squire, Sanders & Dempsey L.L.P.
One Tampa City Center                   Tampa, FL 33602-5813                     4900 Key Tower, 127 Public Square
201 N. Franklin Street, Suite 2100                                               Cleveland, OH 44114-1304
Tampa, FL 33602-5813

Baxter Healthcare Corporation           BioServ Corporation                      Bioventures, Inc.
One Baxter Parkway                      5340 Eastgate Mall                       4044 Roberts Point Rd.
DF 3 2-W                                San Diego, CA 92121-2804                 Sarasota, FL 34242-1162
Deerfield, IL 60015-4625


Diagnostics Stago Inc.                  Dow Corning                              E.I. du Pont de Nemours and Co
PO Box 34056                            P.O. Box 70678                           PO Box 952332
Newark, NJ 07189-0056                   Chicago, Il 60673-0001                   Atlanta, GA 31192-2332


EKN/Swedish Export Credits Guarantee    Economic Development Council             Ervin Leasing
c/o Eleonore Plutz, Sr. Legal Counsel   222 10th Street West                     3893 Research Park Dr.
Box 3064                                Bradenton, FL 34205-8636                 Ann Arbor, MI 48108-2217
SE-103 61 Stockholm
SWEDEN


Florida Power & Light                   Foley & Lardner                          Haemacure Corporation
P.O. Box 025576                         777 E. Wisconsin Ave.                    215 Redfern Ave., Suite 100
Miami, FL 33102-5576                    Milwaukee, WI 53202-5306                 Montreal, Quebec H3Z 3L5
                                                                                 CANADA


Haemacure Corporation (Canada)          Konica Minolta Business Solution         Manatee Chamber of Commerce
215 Redfern Ave, Suite 100              Dept AT 952823                           P.O. Box 321
Montreal, Quebec,  H3Z 3L5              Atlanta, GA 31192-0001                   Bradenton, FL 34206-0321
Canada


Manatee County Tax                      Marc Paquin                              Marlin Leasing
Collector                               8158 Deerbrook Circle                    P.O. Box 368
P.O. Box 25300                          Sarasota, FL 34238-4375                  Marlton, NJ 08053-0368
Bradenton, FL 34206-5300
```

K. Rodney May
Tampa

G Christopher Meyer
Squire Sanders & Dempsey LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1217

Michael Best & Friedrich, LLP
P.O. Box 1806
Madison, WI 53701-1806

NCSRT
Suite 6593
75 Remittance Drive
Chicago, IL 60675-6593

Charles A. Postler
Stichter, Riedel, Blain & Prosser
110 E Madison Street, Suite 200
Tampa, FL 33602-4718

Power & Pumps Inc
P.O. Box 40129
Jacksonville, FL 32203-0129

ProPharma Group, Inc
10975 Benson Dr., Suite 330
Overland Park, KS 66210-2135

Rexel
Dept. At 952726
Atlanta, GA 31192-2726

Roche Diagnostic Corporation
Dept. AT 952243
Atlanta, GA 31192-2243

SRQ Building Services
P.O. Box 515
Osprey, FL 34229-0515

Segel, Goldman, Mazzotta & Sig
Washington Avenue Extension
9 Washington Square
Albany, NY 12205-5524

Siemens Healthcare Diagnostics
PO Box 121102
Dallas, TX 75312-1102

Steris Corporation
P.O. Box 676548
Dallas, TX 75267-6548

Toxikon Corporation
15 Wiggins Ave.
Bedford, MA 01730-2314

United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

VWR International
P.O. Box 640169
Pittsburgh, PA 15264-0169

Verizon
P.O. Box 650457
Dallas, TX 75265-0457

West Florida Supply
1184 N. Washington Blvd.
Sarasota, FL 34236-3484

Workplace Legal Solutions
400 North Tampa Street, suite 2600
Tampa, FL 33602-4710

Worldwide Express
5975 Castle Creek Pkwy.
Suite 170
INDIANAPOLIS, IN 46250-4362

ZLB Plasma
5201 Congress Avenue, Suite #220
Boca Raton, FL 33487-3600

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Angiotech Pharmaceuticals, Inc.
101 W. North Bend Way, Suite 201
North Bend, WA 98045

End of Label Matrix
Mailable recipients    50
Bypassed recipients     0
Total                  50