UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    Chapter 11

HAEMACURE CORPORATION,                    Case No. 8:10-bk-00359-KRM

    Debtor.
_____/

**AFFIDAVIT OF CHARLES A. POSTLER IN SUPPORT OF**
**APPLICATION OF DEBTOR IN POSSESSION FOR AUTHORITY TO**
**RETAIN STICHTER, RIEDEL, BLAIN & PROSSER, P.A. AS COUNSEL**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally appeared Charles A. Postler, an attorney with the firm of Stichter, Riedel, Blain & Prosser, P.A., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§327, 328 and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

1. I am Charles A. Postler. I am an attorney employed by the law firm of Stichter, Riedel, Blain & Prosser, P.A. ("**Stichter, Riedel**"), with offices located at 110 E. Madison Street, Suite 200, Tampa, Florida 33602 and 1342 Colonial Boulevard, Suite H57, Fort Myers, Florida 33907. I am duly authorized to practice law in the State of Florida and am admitted to the bar of the United States District Court for the Middle District of Florida, as are all other attorneys with Stichter, Riedel. Stichter, Riedel and I represent Haemacure Corporation (the "**Debtor**") in this Chapter 11 case. It is anticipated that Stichter, Riedel will staff this case with senior and junior attorneys, as

well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the Debtor's desires.

2. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

3. This Affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329 and Fed. R. Bankr. P. 2014 and 2016.

4. Stichter, Riedel was contacted to advise and represent the Debtor with respect to various legal and financial issues, and began performing legal services for the Debtor in December 2009. All such services were performed in connection with or were related to the filing of the Debtor's Chapter 11 case. Stichter, Riedel received the aggregate sum of Fifty Thousand Dollars ($50,000.00) from the Debtor as a retainer. The retainer was to be applied first to prepetition services (including costs and the Chapter 11 case filing fee) and the balance was to reduce Stichter, Riedel's application for postpetition fees and costs.

5. In preparing this Affidavit, I reviewed a list of the Debtor's creditors as provided by the Debtor.

6. No attorney employed by Stichter, Riedel holds a direct or indirect equity interest in the Debtor or any of its affiliates, and no such attorney has any right to acquire such an interest.

7. No attorney employed by Stichter, Riedel now holds, or has ever held, a direct or indirect equity interest (including stock, stock warrants or a partnership interest) in the Debtor, and no such attorney now has, nor has ever had, any right to acquire such an interest.

8. No attorney in Stichter, Riedel is now, or has ever served in the past as, an officer, director or employee of the Debtor.

9. No attorney in Stichter, Riedel is, or has ever been, in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

10. No attorney in Stichter, Riedel is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

11. No attorney in Stichter, Riedel is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

12. No attorney in Stichter, Riedel has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

13. To the best of my knowledge, no attorney in Stichter, Riedel presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate.

14. To the best of my knowledge, no attorney in Stichter, Riedel previously represented any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to the Debtor or its estate.

15. No attorney in Stichter, Riedel represents any other parties in interest in this matter.

16. There is no agreement of any nature as to the sharing of any compensation to be paid to Stichter, Riedel. The compensation of attorneys at Stichter, Riedel is fixed from time to time by its board of directors.

17. No attorney at Stichter, Riedel has any other connection with the Debtor, creditors of the Debtor, the United States Trustee or any employee of that office, or any other parties in interest.

18. No attorney at Stichter, Riedel has any other interest, direct or indirect, that may be affected by the proposed representation.

19. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Stichter, Riedel.

20. This concludes my Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

*/s/ Charles A. Postler*
Charles A. Postler

SWORN TO AND SUBSCRIBED BEFORE ME this 14th day of January, 2010, by Charles A. Postler, who is personally known to me and who did take an oath.

*/s/ Denise A. Clark*
Name

Denise A. Clark
Commission # DD573030
Expires July 25, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019

Notary Public