# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
## www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>HAEMACURE CORPORATION,<br><br>                Debtor.<br>_____/ | Chapter 11<br><br>Case No. 8:10-bk-00359-KRM |

### EKN'S OBJECTION TO (A) DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER DETERMINING THAT CERTAIN EQUIPMENT LOCATED AT ITS SARASOTA FACILITY CONSTITUTES PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE; AND (B) DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS TO ANGIOTECH PHARMACEUTICALS, INC. PURSUANT TO 11 U.S.C. § 363, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Exportkreditnamnden, the Swedish Export Credits Guarantee Board ("EKN"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to (a) the *Debtor's Emergency Motion for Entry of an Order Determining that Certain Equipment Located at Its Sarasota Facility Constitutes Property of the Debtor's Bankruptcy Estate* [Docket No. 68] (the "Equipment Motion"); and (b) the *Debtor's Motion for Order Authorizing the Sale of Substantially All of Its Assets to Angiotech Pharmaceuticals, Inc. Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims and Encumbrances* [Docket No. 60] (the "Sale Motion"). In support of this Objection, EKN respectfully states as follows:

### BACKGROUND

1. On January 8, 2010 (the "Petition Date"), the above-captioned debtor and debtor-in-possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

#218806 v1

2. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

3. On January 22, 2010, the Debtor filed the *Debtor's Emergency Motion for Entry of an Order (i) Approving Bidding Procedures in Connection with the Sale of Substantially All of Its Assets, (ii) Establishing Procedures for the Assumption and/or Assignment of by the Debtor of Certain Executory Contracts and Unexpired Leases, (iii) Approving Minimum Overbid Amount and An Expense Reimbursement Amount, (iv) Approving Form and Manner of Notice of Bidding Procedures, and (v) Setting Objection Deadlines* [Docket No. 34] (the "Bid Procedures Motion"), requesting the approval of bidding procedures in connection with the sale of substantially all of the Debtor's assets.

4. On January 27, 2010, EKN filed an objection [Docket No. 45] (the "Bid Procedures Objection") to the Bid Procedures Motion, asserting its interest in certain equipment (the "Equipment") sold by Alfa Laval Tumba AB ("Alfa Laval") to Haemacure Corporation ("Haemacure-Canada"), a corporation organized under the laws of Canada, the Debtor's corporate parent, pursuant to that certain Conditional Sale Contract No. 05-0180 dated October 13, 2005 (as amended and attached to the Equipment Motion as Exhibit 1, the "Conditional Sale Contract"). In the Bid Procedures Objection, EKN asserted that (i) EKN has a valid prior perfected security interest in the Equipment and (ii) the Equipment is the property of Haemacure-Canada, and is not property of the Debtor's estate.

5. On February 2, 2010, the Court entered an order [Docket No. 59] (the "Bid Procedures Order") on the Bid Procedures Motion, providing for, among other things, the withdrawal of the Bid Procedures Objection without prejudice to EKN's rights to object to the

sale or other disposition of the Equipment.

6. On February 4, 2010, the Debtor filed the Sale Motion.

7. Pursuant to the Bid Procedures Order, the Court (i) set a deadline of 12:00 p.m. (Eastern Standard Time) on March 1, 2010 (the "Objection Deadline") for the filing of any objections to the Sale Motion, and (ii) scheduled a hearing for March 3, 2010, at 3:30 p.m. (Eastern Standard Time) (the "Sale Hearing"), to consider approval of the Sale Motion.

8. On February 19, 2010, the Debtor filed the Equipment Motion, requesting, in anticipation that EKN would file an objection to the Sale Motion, that the Court determine that the Equipment is the property of the Debtor's estate. The Debtor requested an emergency hearing on the Equipment Motion, which was held on February 25, 2010, at 11:00 a.m. (Eastern Standard Time). At that hearing, the Court granted EKN's request that it be permitted to respond to the Equipment Motion by the Objection Deadline.

**OBJECTION**

9. EKN objects to the Equipment Motion on the basis that (i) EKN has a valid prior perfected security interest in the Equipment and (ii) the Equipment is owned by and is thus the property of Haemacure-Canada. It is not property of the Debtor's estate.

10. Likewise, EKN objects to the Sale Motion to the extent that the Debtor proposes to sell the Equipment, which is the property of Haemacure-Canada, and is not property of the Debtor's estate.

11. In the event that the Equipment is property of the Debtor's estate, EKN objects to the Sale Motion to the extent that the Debtor proposes to sell the Equipment without EKN's consent. As the holder of a valid prior perfected security interest in the Equipment, EKN must consent to any sale thereof. *See* 11 U.S.C. § 363. Even if the sale proceeds are not sufficient to

3

satisfy senior secured claims on the Debtor's property, EKN's consent is nonetheless required for the sale of the Equipment. *Id.*; *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP 2008).

### A. EKN has a Valid Prior Perfected Security Interest in the Equipment

12. As shown on the face of the Conditional Sale Contract, the "Purchaser" of the Equipment pursuant thereto is Haemacure-Canada, not the Debtor's estate. *See* Introductory Paragraph of the Conditional Sale Contract. In addition, pursuant to the Conditional Sale Contract, the Equipment was to "be delivered… *to Purchaser* at *its* plant in Sarasota, Florida." *See* Conditional Sale Contract, ¶ 3.1 (emphasis added). The Conditional Sale Contract is governed by Pennsylvania law. *See* Conditional Sale Contract, ¶ 9.1.

13. In connection with the Conditional Sale Contract, Alfa Laval filed a financing statement perfecting its security interest in the Equipment in the province of Quebec, Canada, attached hereto as <u>Exhibit A</u>, and, apparently as a precaution, filed a financing statement and fixture filing in the state of Florida, which are attached to the Equipment Motion as <u>Exhibit 2</u>.

14. By assignment dated June 17, 2008, Alfa Laval assigned its rights under the Conditional Sale Contract and interest in the Equipment to EKN. In connection with this assignment, EKN filed a financing statement perfecting its security interest in the Equipment in the province of Quebec, Canada, attached hereto as <u>Exhibit B</u>, and, as a precaution, a financing statement in the District of Columbia, which is attached to the Equipment Motion as <u>Exhibit 3</u>.

15. Upon information and belief, Haemacure-Canada's chief executive office is located in Montreal, Quebec. Moreover, Quebec has a filing system for publicly available information concerning the existence of nonpossessory security interests. Under section 9-307(c) of the Uniform Commercial Code, as adopted by the state of Pennsylvania (13 Pa.C.S. §§

1101 *et seq.*, the "UCC"), therefore, the appropriate jurisdiction in which to file financing statements with respect to the Equipment is Quebec. 13 Pa.C.S. § 9307(c). Accordingly, Alfa Laval and EKN each filed financing statements in Quebec, thereby properly perfecting their respective interests in the Equipment. EKN's precautionary financing statement filed in the District of Columbia strictly adheres to section 9-307(c) of the UCC, which provides that, in the absence of a filing system, the appropriate jurisdiction in which to file financing statements against a foreign debtor is the District of Columbia. *Id.*

16. In the Equipment Motion, the Debtor suggests that the delivery of the Equipment by Alfa Laval to a location in Sarasota, Florida, is somehow relevant to the determination of Alfa Laval's and, by assignment, EKN's interest therein. *See* Equipment Motion, ¶ 21. First, as discussed above, Haemacure-Canada described this location as "*its* plant" in the Conditional Sale Contract, which clearly contradicts the Debtor's assertion that the Equipment was delivered to *the Debtor*, as opposed to Haemacure-Canada, "with the full knowledge and consent of Alfa Laval." Second, even if the Equipment was delivered to the Debtor, under the UCC, mere delivery of goods by a seller to a third party does not create ownership in that party, where such party does not deal in goods such as the Equipment and sell such goods in the ordinary course of business. *See* 13 Pa.C.S. §§ 1201(b)(9), 2403(b).

17. The Debtor's statement, in the Equipment Motion, that "Alfa Laval has made no attempt to perfect any interest in the Equipment with respect to the Parent, whether by filing a financing statement in Canada or in the United States," is simply erroneous, as shown by the financing statements filed in the province of Quebec attached hereto as <u>Exhibits A</u> and <u>B</u>. *See* Equipment Motion, ¶ 24. There is simply no truth to the Debtor's assertion that "Alfa Laval's conduct is wholly consistent with its recognition of the Equipment as an asset of the Debtor." *Id.*

18. In the Equipment Motion, the Debtor states that Alfa Laval did not record an assignment of its financing statements filed in Florida. *See* Equipment Motion, ¶ 25. However, under section 9-310(c) of the UCC, the failure to record an assignment of a financing statement is irrelevant to the perfection of a security interest in the Equipment. 13 Pa.C.S. § 9310(c).

19. Finally, Alfa Laval's perfected security interest in the Equipment and the assignment thereof to EKN are designated as "Permitted Encumbrances" on Schedule "E" of the Senior Secured Convertible Bridge Loan agreement (the "<u>Bridge Loan Agreement</u>") dated June 1, 2009, between Haemacure-Canada and the potential purchaser of the Debtor's assets, Angiotech Pharmaceuticals, Inc. ("<u>Angiotech</u>"), attached as <u>Exhibit B</u> to the *Debtor's Emergency Motion for Interim and Final Orders (i) Authorizing the Debtor to (a) Obtain Secured Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c) and (d), 503(b) and 507, (b) Use Cash Collateral Pursuant to 11 U.S.C. § 363, and (c) Grant Adequate Protection, and (ii) Scheduling the Final Hearing* dated January 12, 2010 [Docket No. 22].

20. Having acknowledged EKN's lien on the Equipment in the Bridge Loan Agreement, the Debtor cannot now argue that EKN does not have a valid prior perfected security interest in the Equipment.

### B. The Equipment is Owned by and is thus the Property of Haemacure-Canada, Not the Debtor's Estate

21. As discussed above, the Equipment was sold to and purchased by Haemacure-Canada pursuant to the express terms of the Conditional Sale Contract. The Equipment is therefore the property of Haemacure-Canada, not the Debtor's estate.

22. In addition, as discussed above, the delivery of the Equipment to a facility located in Sarasota, Florida, is at best irrelevant under the UCC to ownership of the Equipment.

23. Upon information and belief, the Equipment was never transferred by

Haemacure-Canada to the Debtor. Even if the Equipment had been transferred to the Debtor, under the UCC, the Debtor would have taken the Equipment subject to EKN's valid prior perfected security interest therein. 13 Pa.C.S. § 9317(b).

24. Accordingly, Alfa Laval and EKN have consistently and appropriately recognized Haemacure-Canada as the owner of the Equipment.

25. As discussed above, the Debtor's statement in the Equipment Motion that Alfa Laval has made no attempt to perfect any interest in the Equipment with respect to Haemacure-Canada is erroneous. *See* Equipment Motion, ¶ 24. Moreover, the Debtor's assertion that Alfa Laval's financing statement and fixture filing in the state of Florida somehow show that Alfa Laval considered the Debtor to be the owner of the Equipment is incorrect. *Id.* Not only were these latter filings precautionary, but a financing statement is nothing more than a notice that there may be a security interest in certain collateral. It is not a statement that the entity named as the debtor is the owner of the collateral.

26. The Debtor concludes the Equipment Motion by advancing two circumstantial arguments in support of its claim to own the Equipment, neither of which resolves the question of ownership: (i) the Debtor and Haemacure-Canada have both consistently treated the Equipment as an asset of the Debtor, and (ii) a local tax authority in Manatee County, Florida, has treated the Equipment as an asset of the Debtor. *See* Equipment Motion, ¶ 27. As to the first argument, the Debtor states that Haemacure-Canada "did not record the Equipment or the transaction with Alfa Laval on its books, records or financial statements." *Id.* Even if such a fact were determinative of the question of ownership, it appears, on the basis of Haemacure-Canada's publicly available annual report for 2008, a copy of which is attached hereto as <u>Exhibit C</u>, to be inaccurate. *See* <u>Exhibit C</u>, pp. 10, 11, 13, 26, 39 (noting an equipment purchase from

7

and related debt to Alfa Laval in Haemacure-Canada's consolidated financial statements, with no corresponding indication that such items are attributable to the Debtor). As to the second argument, the purported treatment of the Equipment by the local tax authority is irrelevant to the question of ownership. *See, e.g., American President Lines v. Lykes Bros. S.S. Co. (In re Lykes Brothers S.S. Co.)*, 196 B.R. 574, 584-85 (Bankr. M.D. Fla. 1996) (declining to find tax treatment by the IRS indicative of ownership under the UCC or the Bankruptcy Code).

## NOTICE

27. Pursuant to the Bid Procedures Order, notice of this Objection has been provided to: (i) the Office of the United States Trustee, Attention: Theresa Boatner, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, Florida 33602 (Fax: (813) 228-2303), (ii) counsel to the Debtor, Charles A. Postler, Stichter, Riedel, Blain & Prosser, P.A., 110 East Madison Street, Suite 200, Tampa, Florida 33602 (cpostler@srbp.com), (iii) Haemacure Corporation, Attention: Gilles Lemieux, c/o 215 Redfern Avenue, Suite 100, Montreal, Quebec, Canada H3Z 3L5 (Fax: (514) 282-3358), and (iv) counsel to Angiotech, G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114 (Fax: (216) 479-8780) and David L. Lapides, Squire, Sanders & Dempsey, L.L.P., One Tampa City Center, Suite 2100, 201 N. Franklin Street, Tampa, Florida 33602 (Fax: (813) 202-1313). EKN submits that under the circumstances no other or further notice is required.

WHEREFORE, EKN respectfully requests that the Court (i) find that EKN has a valid prior perfected security interest in the Equipment, and (ii) grant such other and further relief as may be just and proper.

Dated: March 1, 2010

By: <u>*/s/ Andrew D. McNamee*</u>
Andrew D. McNamee, Esq.
STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL  33130
Telephone:    (305) 789-3200
Facsimile:     (305) 789-3395

-and-

David F. Heroy, Esq.
Ethan Ostrow, Esq.
BAKER & MCKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
Telephone:   (312) 861-8000
Facsimile:    (312) 698-2100

*Counsel for EKN*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *EKN's Objection to (a) Debtor's Emergency Motion for Entry of an Order Determining that Certain Equipment Located at Its Sarasota Facility Constitutes Property of the Debtor's Bankruptcy Estate; and (b) Debtor's Motion for Order Authorizing the Sale of Substantially All of Its Assets to Angiotech Pharmaceuticals, Inc. Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims and Encumbrances* has been furnished on this 1st day of March, 2010, by the Court's CM/ECF transmission, facsimile transmission or electronic mail to the following parties: (i) the Office of the United States Trustee, Attention: Theresa Boatner, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, Florida 33602 (Fax: (813) 228-2303), (ii) counsel to the Debtor, Charles A. Postler, Stichter, Riedel, Blain & Prosser, P.A., 110 East Madison Street, Suite 200, Tampa, Florida 33602 (cpostler@srbp.com), (iii) Haemacure Corporation, Attention: Gilles Lemieux, c/o 215 Redfern Avenue, Suite 100, Montreal, Quebec, Canada H3Z 3L5 (Fax: (514) 282-3358), and (iv) counsel to Angiotech, G. Christopher Meyer, Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114 (Fax: (216) 479-8780) and David L. Lapides, Squire, Sanders & Dempsey, L.L.P., One Tampa City Center, Suite 2100, 201 N. Franklin Street, Tampa, Florida 33602 (Fax: (813) 202-1313).

                                                        */s/ Andrew D. McNamee*
                                                        ANDREW D. MCNAMEE