UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: )
) Chapter 11
HAEMACURE CORPORATION )
)
) Case No. 8:10-00359-KRM
Debtor. )
)
)

## ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS TO ANGIOTECH PHARMACEUTICALS, INC. PURSUANT TO 11 U.S.C. §363, FREE AND CLEAROF ALL LIENS, CLAIMS, AND ENCUMBRANCES

This matter came before the Court on the Motion [Docket No. 60] (the "Sale Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order, pursuant to Section 363 of the United States Bankruptcy Code and Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure, authorizing the sale of certain of its assets to Angiotech Pharmaceuticals, Inc. (the "Buyer"), free and clear of all liens, claims, encumbrances and interests, in accordance with the terms and upon the conditions described in that certain Purchase Agreement dated January 11, 2010 between the Debtor and Buyer (the "Agreement").

Unless otherwise defined herein, capitalized terms in this order (the "Sale Order") shall be given the same meaning accorded to such terms in the Sale Motion. The Court has considered the entire record in these proceedings to date, the objections and the arguments presented by counsel for the various parties reflected in the record at the hearing held on March 3, 2010.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

D. The statutory predicates for relief sought herein include sections 105(a), 363, and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001(d), 6004, 6006, 9013 and 9014 and Local Rule 9013.

E. The Debtor diligently negotiated with the Buyer for the purchase and sale of the Assets. The Debtor entered into the Agreement with the Buyer for the purchase and sale of the Assets for $1,500,000, which agreement was attached to the Sale Motion and which established the Buyer as a so-called "stalking horse bidder."

F. On February 2, 2010, the Court approved the Debtor's Motion [Docket No. 34] related to procedures for consideration of potential competing bids for the Assets and entered its order thereon [Docket No. 59] (the "Sale Procedures Order").

G. Pursuant to the terms of the Sale Procedures Order, March 1, 2010 was established as the deadline for the submission of competing bids and for the filing of objections to the relief requested in the Sale Motion.

H. The Debtor filed a copy of the Agreement with the Sale Motion. The filing of the Agreement as described provided parties-in-interest with good and sufficient notice of the structure and nature of the transaction contemplated by the Agreement and the Sale Motion.

I. No competing bids were submitted by the March 1, 2010 deadline. On March 1, 2010, Exportkreditnamnden, the Swedish Export Credits Guarantee Board ("EKN") filed its objection [Docket No. 73] to the relief requested by the Sale Motion (the "EKN Objection"). The

EKN Objection asserted that certain of the equipment to be sold pursuant to the Agreement and the Sale Motion, specifically equipment covered by that certain Conditional Sale Contract No. 05-0180 dated October 13, 2005, as amended, between EKN's predecessor in interest, Alfa Laval Tumba AB and the Debtor's parent company (the "EKN Equipment") did not constitute property owned by the Debtor. The EKN Objection was sustained by this Court following the hearing on March 3, 2010 and the EKN Equipment has been excluded from the assets to be sold under the Agreement. No other objections were filed to the Sale Motion.

J. With respect to the Sale Motion and all matters addressed in this Sale Order, due and proper notice has been given to all necessary parties.

K. The Debtor has good and sufficient business reasons for the relief requested in the Sale Motion and has exercised prudent and reasonable business judgment with respect thereto.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. The Sale Motion is GRANTED as amended on the record with respect to the EKN Equipment.

2. The sale described in the Agreement shall be free and clear of all liens, claims, encumbrances, and interests.

3. The Buyer is a good faith Buyer under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Buyer has at all times acted in good faith within the meaning of section 363(m) of the Bankruptcy Code with respect to the transactions contemplated by the Agreement.

4. The Debtor has full corporate power and authority, and is hereby authorized to consummate the transactions contemplated by the Agreement, as amended by this Sale Order.

The transfer of the Assets to the Buyer will be, as of the Closing Date, a legal, valid, and effective transfer of such Assets, and vests or will vest the Buyer with all right, title and interest of the Debtor to the Assets free and clear of any and all title defects or objections, mortgages, liens, claims (as defined in section 101(5) of the Bankruptcy Code), charges, pledges, or other encumbrances of any nature whatsoever.

5. The EKN Objection has been resolved by excluding the EKN Equipment from the assets to be conveyed under the Agreement. The Debtor may sell the remaining Assets free and clear of all liens against the Debtor, its estate or any of the Assets, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) have been satisfied.

6. Good and sufficient cause exists for the waiver of the 14-day stay of this Order's effectiveness pursuant to Bankruptcy Rule 6004(h). Time is of the essence in the occurrence of the closing of the transactions contemplated by the Agreement, and this Sale Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the signing of this Sale Order, and the Debtor and the Buyer are authorized to close the ale immediately upon entry of this Sale Order, subject to satisfaction of the conditions to the Closing set forth in the Agreement.

**DONE AND ORDERED** in Chambers at Tampa, Florida, on March 12, 2010.

_____
K. Rodney May
United States Bankruptcy Judge