UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**  Chapter 11

**HAEMACURE CORPORATION,**  Case No. 8:10-bk-00359-KRM

**Debtor.**

_____/

### DEBTOR'S SECOND MOTION FOR ORDER EXTENDING DEADLINE FOR FILING OF DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

HAEMACURE CORPORATION, as debtor and debtor in possession (the "**Debtor**"), by and through its undersigned attorneys, hereby files its Second Motion for Order Extending Deadline for Filing of Disclosure Statement and Plan of Reorganization (the "**Motion**"). In support of this Motion, the Debtor states as follows:

#### A. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408.

#### B. General Background

2. On January 8, 2010 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner or committee has been appointed in this case.

5. The Debtor is a wholly-owned subsidiary of Haemacure Corporation, a corporation duly incorporated under the Canada Business Corporations Act with its head office located in Montreal, Quebec (Canada) (the "**Parent**" and together with the Debtor, hereinafter collectively referred to as "**Haemacure**").

6. Haemacure is a specialty bio-therapeutics company developing high-value human biological adhesives, hemostats and therapeutic proteins for commercialization. Haemacure's research and development effort is driven by its proprietary, high-yield plasma protein extraction technology to develop next-generation products, including surgical hemostats.

7. Haemacure's lead product candidate, *Hemaseel®HMN*, is a human-derived fibrin sealant planned to enter pivotal Phase II/Phase III clinical trials. Fibrin sealant is a biological adhesive with sealing and hemostatic properties which are essential to wound healing. Haemacure's second product candidate, *Hemaseel®Thrombin*, is a hemostatic agent now in pre-clinical stage, and consists of human thrombin, a component of its fibrin sealant.

8. Haemacure's product development activities will focus on the use of its fibrin sealant in adhesion prevention, aesthetics, combination with biomaterials, drug delivery, regenerative medicine, skin graft fixation for burn injuries, surgical hemostasis and wound healing. Haemacure has also identified eleven specialty proteins and enzymes in one of its two plasma fractions and seeks to advance these specialty proteins through partnerships with pharmaceutical and biotechnology companies.

9. The Debtor operates a manufacturing facility of approximately 52,000 square feet located at 600 Tallevast Road, Suite 201, in Sarasota, Florida.

10. As of November 30, 2009, the Debtor's balance sheet reflected total assets of approximately $9 million and total liabilities of approximately $47 million.

11. On January 11, 2010, the Debtor and Angiotech Pharmaceuticals, Inc. (the "**Purchaser**"), a corporation incorporated under the laws of the Province of British Columbia, executed a Purchase Agreement (the "**Purchase Agreement**"), which provides for the sale by the Debtor, and the purchase by the Purchaser, of substantially all of the assets (the "**Assets**") of the Debtor for a purchase price of $1,500,000 (the "**Purchase Price**") plus the assumption of certain liabilities of the Debtor. The Purchase Price consists of (i) a credit against amounts owing to the Purchaser with respect to the outstanding loan obligations of the Debtor to the Purchaser plus (ii) $100,000 in cash for payment of allowed claims of creditors of the Debtor.

12. On February 4, 2010, the Debtor filed with this Court its Motion for Order Authorizing the Sale of Substantially All of Its Assets to Angiotech Pharmaceuticals, Inc. Pursuant to 11 U.S.C. §363, Free and Clear of All Liens, Claims and Encumbrances [Doc. No. 60] (the "**Sale Motion**"). Pursuant to the Sale Motion, the Debtor sought authorization from this Court to sell the Assets to the Purchaser in accordance with the terms and conditions of the Purchase Agreement, free and clear of any and all liens, claims and encumbrances, pursuant to Section 363 of the Bankruptcy Code and an order of this Court granting the Sale Motion.

13. On March 12, 2010, the Court entered its Order Authorizing the Sale of Substantially All of the Debtor's Assets to Angiotech Pharmaceuticals, Inc. Pursuant to 11 U.S.C. § 363, Free and Clear of All Liens, Claims and Encumbrances [Doc. No. 88].

14. It was originally anticipated that the closing of the sale of the Debtor's Assets to the Purchaser would occur on or before March 31, 2010. It now appears that the closing will occur at the earliest on April 6, 2010.

### C. Relief Requested and Grounds for Relief

15. On January 29, 2010, this Court entered its Order Establishing Deadline for Filing Plan and Disclosure Statement [Doc. No. 54] (the "**January 29 Order**"). Pursuant to the January 29 Order, the Court set an initial deadline of March 8, 2010 for the Debtor to file a disclosure statement ("**Disclosure Statement**") and a plan of reorganization ("**Plan**") in this case.

16. On March 23, 2010, this Court entered its Order Granting Debtor's Motion for Order Extending Deadline for Filing of Disclosure Statement and Plan of Reorganization [Doc. No. 111] (the "**Plan Exclusivity Order**"). Pursuant to the Plan Exclusivity Order, the Court granted the Debtor an extension of time to have the exclusive right to file a Plan through and including April 5, 2010, and provided the Debtor filed a Plan on or before April 5, 2010, the Debtor would continue to have the exclusive right to obtain acceptances of any such filed Plan through and including June 4, 2010. The Plan Exclusivity Order also stated that it was without prejudice to the right of the Debtor to seek further extensions of such deadlines and that any motion seeking further extensions must be filed with the Court by no later than April 5, 2010.

17. For the reasons stated in this Motion, the Debtor requests a further extension of the exclusive right to file a Plan through and including April 30, 2010, and provided that the Debtor files a Plan within that time, an extension of the exclusive right to obtain acceptances of any such filed Plan through and including June 29, 2010.

18. The primary reasons for the requested extension are as follows:

4

(a) Since the Petition Date, the Debtor's management and staff have spent a significant amount of time in normalizing and stabilizing the Debtor's business operations, dealing with the impact of the Chapter 11 filing, addressing employee issues, talking with creditors, vendors, suppliers and customers, working on the sale of the Debtor's assets, and coordinating the use of cash collateral. The key concern for the Debtor has been maintaining going concern value, especially in light of the need to sell the Debtor's assets and operations in order to maximize value for creditors.

(b) Since the filing of the Sale Motion, management and staff of the Debtor have necessarily expended a significant amount of time addressing issues related to the sale of the Assets to the Purchaser.

(c) The sale of the Assets to the Purchaser has not yet closed, and the Debtor believes that it is prudent to file the Plan once it appears certain the closing will occur.

(d) The deadline to file claims as fixed by the Court was March 24, 2010. The requested extension will give the Debtor an opportunity to finish its review and analysis of all filed claims prior to filing the Disclosure Statement and the Plan.

(e) Section 1121 of the Bankruptcy Code provides that only the Debtor may file a plan for the first 120 days following the Petition Date, which in this case would be through May 8, 2010. Thus, even with the requested extension, the Debtor will be filing the Disclosure Statement and the Plan well in advance of the statutory period set forth in Section 1121.

19. This Motion is not submitted for purposes of delay and will not prejudice any party. The requested extension will aid the confirmation process and will avoid unnecessary confusion and duplication of efforts.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion and for such other and further relief as is just and proper.

Dated: April 5, 2010

/s/ Charles A. Postler
Charles A. Postler (Florida Bar No. 455318)
STICHTER, RIEDEL, BLAIN &
    PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
PH   (813) 229-0144
FAX  (813) 229-1811
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Second Motion for Order Extending Deadline for Filing of Disclosure Statement and Plan of Reorganization** has been furnished on this 5th day of April, 2010, by **CM/ECF Transmission** to the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and by **U.S. Mail** to all parties set forth on the Local Rule 1007(d) Parties in Interest List for this case attached hereto.

/s/ Charles A. Postler
Charles A. Postler

Label Matrix for local noticing
113A-8
Case 8:10-bk-00359-KRM
Middle District of Florida
Tampa
Mon Apr  5 16:31:30 EDT 2010

Aldina, L.C.
Attn: Mark Famiglio, Managing Member
1247 Mandalay Point Rd.
Sarasota, FL 34242-2707

Aldina, L.C.& Mark Famiglio
c/o Christopher Smith, Esq.
7313 International PL STE 80
Sarasota, FL 34240-8406

American Express
P.O. Box 360001
Ft. Lauderdale, FL 33336-0001

Angiotech Pharmaceuticals, Inc.
c/o David L. Lapides,Squire,Sanders etal
One Tampa City Center
201 N. Franklin Street, Ste 2100
Tampa, FL 33602-5813

Angiotech Pharmaceuticals,Inc.
c/o G. Christopher Meyer
Squire, Sanders & Dempsey,LLP
4900 Key Tower,127 Public Sq
Cleveland, OH 44114-1304

BioServ Corporation
5340 Eastgate Mall
San Diego, CA 92121-2804

Bioventures, Inc.
4044 Roberts Point Rd.
Sarasota, FL 34242-1162

Diagnostics Stago Inc.
PO Box 34056
Newark, NJ 07189-0056

E.I. du Pont de Nemours and Co
PO Box 952332
Atlanta, GA 31192-2332

Economic Development Council
222 10th Street West
Bradenton, FL 34205-8636

Exportkreditnamnden (EKN)
% Ethan Ostrow, Esq.
One Prudential Plaza
130 E.Randolph St.,Ste 3600
Chicago, IL 60601-6315

Florida Power & Light
P.O. Box 025576
Miami, FL 33102-5576

Foley & Lardner
777 E. Wisconsin Ave.
Milwaukee, WI 53202-5306

Haemacure Corporation
215 Redfern Ave., Suite 100
MONTREAL, QUEBEC H3Z 3L5 CANADA

Manatee County Tax
Collector
P.O. Box 25300
Bradenton, FL 34206-5300

NCSRT
Suite 6593
75 Remittance Drive
Chicago, IL 60675-6593

Power & Pumps Inc
P.O. Box 40129
Jacksonville, FL 32203-0129

ProPharma Group, Inc.
10975 Benson Dr., Bldg.12, Ste 330
Overland Park, KS 66210-1569

Roche Diagnostic Corporation
Dept AT 952243
Atlanta, GA 31192-2243

Segel, Goldman, Mazzotta & Sie
Washington Avenue Extension
9 Washington Square
Albany, NY 12205-5524

Siemens Healthcare Diagnostics
PO Box 121102
Dallas, TX 75312-1102

Susan D Profant,CPCA,CLA,FRP,
Paralegal, Ken Burton, Jr
Manatee County Tax Collector
P O Box 25300
Bradenton, FL 34206-5300

Toxikon Corporation
15 Wiggins Ave.
Bedford, MA 01730-2314

VWR International
P.O. Box 640169
Pittsburgh, PA 15264-0169

Workplace Legal Solutions
400 North Tampa Street, suite 2600
Tampa, FL 33602-4710

ZLB Plasma
5201 Congress Avenue, Suite #220
Boca Raton, FL 33487-3600

End of Label Matrix
Mailable recipients    26
Bypassed recipients     0
Total                  26