# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                              Chapter 11

HAEMACURE CORPORATION,          Case No. 8:10-bk-00359-KRM

              Debtor.

_____/

## ORDER CONFIRMING DEBTOR'S PLAN OF LIQUIDATION UNDER CHAPTER 11 OF TITLE 11, UNITED STATES CODE

THIS CASE came on for hearing before the Court on June 17, 2010, at 3:00 p.m. (the "**Confirmation Hearing**"), to consider confirmation of the Debtor's Plan of Liquidation under Chapter 11 of Title 11, United States Code dated as of April 30, 2010 [Doc. No. 147] (the "**Plan**")[1] filed by Haemacure Corporation (the "**Debtor**"). At the Confirmation Hearing, Charles A. Postler appeared as counsel for the Debtor and the Debtor was represented by its Secretary, Gilles Lemieux.

At the Confirmation Hearing, counsel for the Debtor proffered the testimony of Mr. Lemieux regarding the principal features of the Plan. In addition, the Debtor has filed its Chapter 11 Ballot Tabulation [Doc. No. 167] and Debtor's Confirmation Affidavit and Memorandum in Support of Confirmation [Doc. No. 168] (the "**Confirmation Affidavit**") outlining compliance with the requirements of 11 U.S.C. §1129. At the Confirmation Hearing, the Court found that the Debtor met the requirements of 11 U.S.C. §1126. No party objected to the Plan, and no party objected to any of the proffers at the Confirmation Hearing. The Court further finds that the proffers of counsel for the Debtor in support of the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Plan.

*(The debtor agreed, upon objection by the US Trustee, to the deletion of Section 11.2 of the Plan.)*

Plan, including those in the Confirmation Affidavit, were unchallenged, were not subject to objection, and are accepted.

The Court further finds that the Plan and this Confirmation Order are fair, equitable, reasonable and proper, are in the best interests of the Debtor's estate, and are binding upon all Creditors and Holders of Equity Interests. The Court further finds that the Plan complies with each of the applicable provisions of the Bankruptcy Code, including without limitation the provisions of 11 U.S.C. §1129. For the reasons stated herein and orally and recorded in open Court at the Confirmation Hearing that shall constitute the decision of the Court, it is

**ORDERED:**

1. The Plan is hereby confirmed in all respects; *provided, however, that Section 11.2 of the Plan is deleted and will not be effective.*

2. Stichter, Riedel, Blain & Prosser, P.A. is hereby authorized to disburse the Net Sale Proceeds currently held in its trust account to the Holders of Allowed Claims pursuant to the terms of the Plan.

3. The Debtor will reserve sufficient funds to pay any fees due to the Office of the United States Trustee under 28 U.S.C. §1930(a)(6) for the periods arising prior to and following the Effective Date.

**DONE and ORDERED** in Chambers at Tampa, Florida, on 6-18-10.

K. Rodney May
United States Bankruptcy Judge